UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23 1567 PA (SPx) | Date | November 2, 2023 |
|---|---|---|---|
| Title | Pulte Home Corporation, et al. v. United Specialty Insurance Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

The Court has reviewed the First Amended Complaint ("FAC") filed by plaintiffs Pulte Home Corporation and Pulte Home Company, LLC ("Pulte") against defendants United Speciality Insurance Company, ACE American Insurance Company, North American Capacity Insurance Company, First Specialty Insurance Corporation, Ironshore Speciality Insurance Company, HDI Global Specialty SE, Gemini Insurance Company, QBE Specialty Insurance Company and Allied World Surplus Insurance Company. ("Defendants") (Docket No. 32), and the parties' joint 26(f) report (Docket No. 73).

Pulte is a homebuilder who hired a number of sub-contractors to perform construction work on homes in a housing development in Murietta, California. Defendants issued insurance policies to all of Pulte's subcontractors relating to their work on the homes. In April 2021, twenty-eight homeowners sued Pulte in Riverside County Superior Court for damages relating to alleged construction defects. Pulte has resolved this underlying litigation, and now seeks to recover the costs it incurred defending and settling this litigation. Pulte alleges that Defendants had a duty to defend and indemnify in the underlying litigation, but refused to defend or pay any amount towards the costs and fees incurred.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "persons . . . may be joined in one action as defendants" if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>
> (B) any question of law or fact common to all defendants will arise in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23 1567 PA (SPx) | Date | November 2, 2023 |
|---|---|---|---|
| Title | Pulte Home Corporation, et al. v. United Specialty Insurance Company, et al. | | |

Fed. R. Civ. P. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

It is not clear from the face of the FAC that requirements of Rule 20 are met. The FAC alleges claims against nine different insurance companies who issued ninety-eight different insurance policies to nineteen different sub-contractors. Pulte does not allege that the Defendants acted in concert, that they denied Pultes' requests for coverage for the same reasons or at the same time, that they were co-insurers with shared risk, or that there are common questions of fact. Nor does the FAC allege that the Defendants issued policies containing the same language or terms and conditions.

The Court therefore orders Plaintiffs to show cause in writing no later than November 13, 2023, why one or more Defendants should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 20, 21; Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light"). In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against the other Defendants with new complaints and filing fees. Defendants shall file a responsive brief, if any, by November 20, 2023. Plaintiffs shall file a reply brief, if any by November 27, 2023.

IT IS SO ORDERED